*John McKim Minton, Jr., Joseph F. Curren* and *William A. Powers* for appellant.

*Joseph Maloy, District Attorney (Alfred V. Norton* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HOGAN, CARDOZO, POUND and MCLAUGHLIN, JJ.  Dissenting: HISCOCK, Ch. J., and CRANE, J.  Absent: ANDREWS, J.

---

CHARLES A. SIEBERT, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Carriers — uniform bill of lading — when carrier liable for loss of freight from car, placed on siding for sampling, but which had been resealed and receipted for by its representative.*

Siebert v. Erie R. R. Co., 189 App. Div. 586, affirmed.

(Argued October 13, 1921; decided October 28, 1921.)

APPEAL from a judgment, entered December 23, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiff.  The action was to recover for the loss of certain silver ore from a car received by defendant from another road.  In the bill of lading was a notation " To be stopped off at Bergen Junction for sampling at Ledoux & Co. Works."  The defendant transported the car to and placed it on a siding alongside said works.  Ledoux & Co. unloaded the ore, ran it through a crushing machine, and after taking certain samples reloaded it on the car and notified defendant's agent that the car was ready to go forward.  An employee of defendant, after verifying the number of bags, sealed the car and delivered a receipt therefor.  The next day, before the car had been moved, it was discovered that the seal had been broken and ·certain bags removed.  The complaint was dismissed on the theory that under the " Uniform bill of lading " carriers are not liable for loss of goods from cars after being placed on private

sidings. The Appellate Division held that defendant resumed possession as a carrier when its representative sealed the car and delivered a receipt and was, therefore, liable for the loss.

*William C. Cannon* and *Harold W. Bissell* for appellant.

*Arthur W. Clement* and *Wilson E. Tipple* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

JOHN HOLLAND, Appellant, *v.* ERNEST M. TURNER, Respondent.

*Negligence — contractor engaged in altering building not liable to employee of another contractor on the same work who while walking over joists from which flooring has been necessarily removed falls owing to tipping of one of the joists.*

*Holland* v. *Turner*, 189 App. Div. 566, affirmed.

(Argued October 14, 1921; decided October 28, 1921.)

APPEAL from a judgment entered November 14, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been occasioned through the negligence of defendant. The owner of the building 410–416 East Sixty-eighth street in the borough of Manhattan, made a contract with defendant, under which defendant was to change the location of a stairway leading from the first to the second floor. This involved the necessity of cutting out some joists on the second floor about twelve feet from the head of the stairway as it theretofore existed. In process of the work, the contractor had taken off the floor boards for the space of about twelve feet to the east of the floorway. He had also taken out some small cross pieces that are used between joists, for the main purpose of keeping the joists upright. Plaintiff was a plumber, also engaged under contract in the repair of this same build-